**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | Case No. CR-07-154-D |
| ) | |
| **RUSSELL DEAN LANDERS;** ) | |
| **CLAYTON HEATH ALBERS;** ) | |
| **BARRY DEAN BISCHOF; and** ) | |
| **WILLIAM MICHAEL ROBERSON,** ) | |
| ) | |
| **Defendants.** ) | |

**THE UNITED STATES' MOTION IN LIMINE REGARDING
<u>DEFENDANTS' QUASI LEGAL THEORIES</u>**

The United States respectfully requests that this Court exclude from the trial in this matter any exhibit, argument or testimony offered in support of Defendants Russell Dean Landers, Clayton Heath Albers, Barry Dean Bischof and William Michael Roberson's ("Defendants") supposed legal right to file liens, seize property or make any other type of demand to any official employed by the United States Bureau of Prisons at FCI- El Reno, including the warden of that facility. The United States respectfully asserts that this evidence is irrelevant, because the law does not support the notion that Defendants had the legal right to file a lien, seize property or make any other type of demand against prison officials, and if such evidence was introduced, this type of evidence would cause confusion of the issues for the jury. For these reasons, the United States respectfully requests that this evidence be excluded from the trial scheduled to begin in this matter on November 5, 2007.

## I. Expected Facts

On June 20, 2007, Defendants were indicted in an eight count Indictment. All Defendants were Indicted for Conspiracy to Impede Federal Officials in violation of 18 U.S.C. §372 and for Mailing Threatening Communications with Intent to Extort in violation of 18 U.S.C. §876(d). Defendants Landers, Albers and Batts were also indicted for making a false claim against the United States in violation of 18 U.S.C. §287. In this case, all Defendants, with the exception of Defendant Roberson, were inmates at the Federal Correctional Institution in El Reno, Oklahoma ("FCI-El Reno") during the time that the at issue conspiracy began. As set forth in the Indictment, from approximately May of 2003 until December 31, 2005, the Defendants conspired and agreed with each other and other individuals to intimidate and threaten prison officials employed by the United States Bureau of Prisons. Defendants did this by sending documents entitled "Notice by Written Communication/ Security Agreement." These documents stated that Defendants Landers, Albers, Batts and Bischof held "common-law copyright" and "trade-name/trademark" rights in their own names and that if the Warden at FCI-El Reno used their names without their authorization, he would be required to pay $500,000.00 per occurrence, plus triple damages. Defendants Albers, Batts and Landers also caused to be mailed to the Warden of FCI-El Reno, invoices for the unauthorized uses of their names. Landers demanded that the Warden of FCI-El Reno pay $15 million. Albers and Batts each demanded that the Warden of FCI-El Reno pay $13.5 million. On March 3, 2004, Defendants Landers, Albers, Batts and

Bischof demanded and received a meeting with the Warden of FCI-El Reno. Speaking on behalf of Defendants Landers, Batts, and Bischof, Defendant Albers informed the Warden of FCI-El Reno, that the group would not negotiate the terms for the release of his property until they were transported off of federal property, taken out of their prison clothing and no longer in custody.

During the trial of this matter, Defendants may attempt to introduce evidence that they were legally entitled to make such demands on the Warden of FCI- El Reno and other prison officials. It is expected that Defendants will seek to have admitted documents and/or testimony which will allegedly support their quasi legal theories as a defense to their criminal liability in this matter. However, as set forth in detail below, there can be no legitimate dispute about whether Defendants had the legal right to file a lien, demand payment or demand anything else of value from the Warden at FCI- El Reno or any other prison official. Accordingly, Defendants should be prohibited from introducing into evidence any suggestion that what they were attempting to do was supported by any legal theory. Clearly, this type of evidence is irrelevant and could lead to the confusion of the issues by the jury and, as such, should be excluded from the trial in this matter.

## II. Argument and Authorities

**A. Evidence Purportedly Supporting Defendants' Claim That They Were Legally Entitled To Make Demands on Prison Officials Should Be Excluded as Irrelevant.**

Pursuant to Rule 401 of the Federal Rules of Evidence:

> "[r]elevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Further, evidence which is not relevant is not admissible. See Rule 402 Fed. R. Evid.

In this case, evidence supporting any contention that Defendants were legally entitled to assert such claims against the Warden at FCI-El Reno or any other prison official is completely irrelevant, as there is no legitimate legal basis for such a claim. In this case, Defendants contend that they hold a common law copyright in their names. Defendants also claim that the Warden at FCI-El Reno has entered into Security Agreements with them and pursuant to the terms of those Security Agreements they are entitled to a payment of $500,000.00, every time their name is used without their consent.

Initially, it should be pointed out that Defendants' copyrights, which are purportedly common law copyrights, are without any legal basis as the "system of common law copyright was substantially preempted by the Copyright Act of 1976." *United States v. Ramirez*, 291 F. Supp. 2d 266, 269 (S.D.N.Y. 2003). See also 17 U.S.C. §301(a). Further, the subject of Defendants' copyright, their own name, creates another legal impossibility as "a name is not a proper subject for copyright." *Id.* See also *Feist Publ'ns Inc. v. Rural Tel. Serv. Co. Inc.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) (noting that a name is a fact that is "uncopyrightable"). Finally, the Security Agreements that Defendants contend are binding upon the Warden at FCI-El Reno and entitle them to payment for the use of their

4

name are unenforceable, as they are lacking several requirements for the formation of a contract, such as mutual consent and/or consideration. Accordingly, there is no question that Defendants never had a legal right to file a lien, demand money and/or any other thing of value from the Warden at FCI-El Reno or any other prison official. Clearly, there is no legitimate legal basis for the purported Security Agreements or Defendants' alleged common law copyrights.

Further, even if Defendants Landers and Albers, contend at trial that they lacked the requisite intent to submit a false claim against the United States in violation of 18 U.S.C. §287, because they believed the claim was in fact valid, this defense would still fail to make the at issue evidence relevant. As explained in *U.S. v. Willie*, 941 F.2d 1384 (10th Cir. 1991), cert. denied, 502 U.S. 1106, 112 S.Ct. 1200, 117 L.Ed.2d 440 (1992), which dealt with a tax protestor who claimed he was not legally required to pay taxes,

> . . . a defendant's good faith belief that he has no legal obligation to file and evidence showing the reasonableness of that state of mind is relevant. But, proof of the reasonableness of a belief that he should not have a duty only proves the reasonableness of the defendant's disagreement with the existing law and is, therefore, properly excluded as irrelevant.

*Id*.at1392. Clearly, introducing pseudo legal documents and testimony that purportedly supports Defendants claim that they had the legal right to make such demands on the Warden at FCI-El Reno or other prison officials would be offered to prove the reasonableness of Defendants' disagreement over the law. On this basis, such evidence should be excluded as it has no tendency to make any fact of consequence more or less probable and, as such, is

5

irrelevant.

    **B.**    **Evidence Relating To Defendants' Purported Right To Make Legal Demands on Prison Officials Should Be Excluded as Confusing.**

Assuming *arguendo,* that this court determines that evidence relating to Defendants' contention that they had the legal right to file such claims is relevant, Rule 403 of the Federal Rules of Evidence would still require its exclusion. Specifically, Rule 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . confusion of the issues, or misleading the jury . . . ." Clearly, allowing exhibits or evidence to be presented to the jury regarding what the law is in this matter would lead to confusion of the issues, which would result in misleading the jury. Introducing evidence that relates to a purported legal analysis that is different than the district court's instructions would undoubtedly lead to confusion. After all, " the law is given to the jury by the court and not introduced as evidence . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be." *U.S. v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) (citation omitted).

In this case, allowing Defendants to introduce evidence relating to the legal legitimacy of their claims would clearly create confusion for the jury as to what law to apply when reaching their verdict. As such, use of such "legal" evidence at trial could also result in confusion of the issues. It is the Court, not the jury, that may decide what the law is and the jury should not be given the responsibility to do so. *See Johnson v. Colt Ind. Operating Corp.*, 797 F.2d 1530, 1534 (10th Cir. 1986) (high potential that jury will be confused as to

the proper weight to give legal evidence and might assume that law presented is entitled to as much weight as the trial court's instructions since both emanate from courts.)  As the danger in using evidence relating to the purported legal legitimacy of Defendants' claims would likely result in the jury's misuse of the evidence for an improper purpose, and, as such, would result in confusion of the issues, this evidence should be excluded pursuant to Fed. R. Evid. 403.

### III. Conclusion

Pursuant to Fed. R. Evid. 401 and 403, the United States respectfully requests that this Court exclude from the trial in this matter any reference, question, argument or testimony offered in support of any of Defendants' supposed legal right to file liens, seize property or make any other type of demand to any official employed by the United States Bureau of Prisons at FCI- El Reno, including the Warden of that facility.  The United States respectfully asserts that this "evidence" is irrelevant and would also lead to the confusion of the issues and, as such, should be excluded from the trial scheduled to begin in this matter on November 5, 2007.

Respectfully submitted,

JOHN C. RICHTER
United States Attorney



s/SUSANNA VOEGELI
Assistant U.S. Attorney
Bar Number: 16922
210 W. Park Avenue, Suite 400
Oklahoma City, OK  73102
(405) 553-8783 (Office)
(405) 553-8888 (Fax)
Susanna.Voegeli@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Daniel White, Thomas D. McCormick, Larry W. Tedder and Jeffrey W. Massey

s/Susanna Voegeli
Assistant U.S. Attorney