# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
 )
  Plaintiff, )
 )
 -vs- ) No. CR-07-154-D
 )
RUSSELL DEAN LANDERS; )
CLAYTON HEATH ALBERS; )
and  BARRY DEAN BISCHOF, )
 )
  Defendants. )

## JURY INSTRUCTIONS

**Instruction No. _I_**

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case–for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**Instruction No. 2**

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**Instruction No.** _3_

## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT

The government has the burden of proving the defendants guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so regarding any defendant, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your

_____

consideration of the evidence, you are firmly convinced that a defendant is guilty of a crime charged, you must find him guilty of it. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Instruction No. 4**

**MULTIPLE DEFENDANTS—MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the Indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

**Instruction No. _5_**

**ON OR ABOUT**

You will note that the Indictment charges that the crimes were committed on or about certain dates. The government must prove beyond a reasonable doubt that the defendants committed the alleged crimes reasonably near the dates charged.

## Instruction No. __6__

## EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, to the extent that I did not let you hear the answers to some of the questions that the lawyers asked, or ruled that you could not see some of the exhibits that the lawyers wanted you to see, or ordered you to disregard things that you saw or heard, or struck things from the record, you must completely ignore all of

those things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Instruction No. __7__

## TRANSCRIPT OF RECORDED CONVERSATION

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You also viewed transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were shown to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

# Instruction No. _8_

## EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

_____

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship

with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**Instruction No.** _10_

## NON-TESTIFYING DEFENDANT

The defendants did not testify and I remind you that you cannot consider a decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify.

**Instruction No.  11**

## IMPEACHMENT BY PRIOR CONVICTION

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years, or of a crime of dishonesty or false statement. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction or any crime of dishonesty that was used to impeach a witness.

**Instruction No.** _12_

**COOPERATING WITNESS**

A person may testify under an agreement with the government that the person will not be prosecuted in exchange for his cooperation. His testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt even though it is not corroborated or supported by other evidence. You should consider testimony given under such circumstances with greater care and caution than the testimony of an ordinary witness. You should consider whether a cooperating witness's testimony has been affected by the witness's own interest, the government's agreement, the witness's interest in the outcome of the case, or by prejudice against the defendant.

On the other hand, you should also consider that a cooperating witness can be prosecuted for perjury for making a false statement. After considering these things, you may give a cooperating witness's testimony such weight as you feel it deserves.

You should not convict a defendant based on the unsupported

testimony of a cooperating witness, unless you believe the unsupported testimony beyond a reasonable doubt.

## Instruction No. _13_

## CAUTION—CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for any of the crimes charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

You are not here to decide the possible guilt of others but only whether the defendants are guilty of the crimes charged.

**Instruction No.** _14_

## CAUTION—PUNISHMENT

If you find a defendant guilty of any of the crimes charged, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**Instruction No.** _15_

**CONSPIRACY – COUNT 1**

The defendants are charged in Count 1 with a violation of Section 372 of Title 18 of the United States Code.

This law makes it a crime to conspire with someone else to prevent an officer of the United States from performing his official duties.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant agreed with at least one other person to prevent, by intimidation or threat, a federal official from performing the duties of his office, as charged;

*Second*: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

*Third*: the defendant knew the essential objective of the conspiracy;

*Fourth*: the defendant knowingly and voluntarily participated;

_____

and

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

## CONSPIRACY—AGREEMENT

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. Once a person becomes a member of a conspiracy, he is held legally responsible for the acts of the other members done in furtherance of the conspiracy, even though he was not present or aware that the acts were being committed.

Mere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

The evidence in the case need not show that the members entered into any express or formal agreement. Nor is it necessary that the evidence show that the members stated between themselves what their object or purpose was to be, or the details

thereof, or the means by which the object or purpose was to be accomplished. In order to establish proof that a conspiracy existed, the evidence must show beyond a reasonable doubt that the members in some way or manner, or through some contrivance, expressly or impliedly came to a mutual understanding to try to accomplish a common and unlawful plan.

**Instruction No. _17_**

**CONSPIRACY – EVIDENCE**

The evidence in the case need not establish that all the means or methods set forth in the Indictment were agreed upon to carry out the alleged conspiracy; nor that all means or methods, which were agreed upon, were actually used or put into operation; nor that all of the persons charged to have been members of the alleged conspiracy were members. Rather, the evidence in the case must establish beyond a reasonable doubt that the alleged conspiracy was knowingly formed; and that one or more of the means or methods described in the Indictment were agreed upon to be used, in an effort to effect or accomplish some object or purpose of the conspiracy, as charged in the Indictment; and that two or more persons were knowingly members of the conspiracy.

**Instruction No.** _18_

## MEMBERSHIP IN CONSPIRACY

If you conclude from the evidence beyond a reasonable doubt that a conspiracy as charged did exist, then you must next determine whether the defendant you are considering was a member of that conspiracy; that is, whether he participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives. In determining whether a defendant was a member of the conspiracy, the jury must consider only his acts and statements. A defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.

**Instruction No. _19_**

## CONSPIRACY – INTERDEPENDENCE

To be a member of the conspiracy, a defendant need not know all of the other members or all of the details of the conspiracy, nor the means by which the objects were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. It is necessary, however, that for a defendant to be a member of the conspiracy, the government must prove beyond a reasonable doubt that he was aware of the common purpose and was a willing participant with the intent to advance the purposes of the conspiracy. In other words, while a defendant need not participate in all the acts or statements of the other members of the conspiracy to be bound by them, the acts or statements must be interdependent so that each member of the conspiracy depends upon the acts and statements of the other conspirators to make the conspiracy succeed.

The extent of a defendant's participation in the conspiracy is not relevant to whether he is guilty or not guilty. A defendant may be

convicted as a conspirator even though he plays a minor part in the conspiracy. His financial stake, if any, in the venture is a factor that may be considered in determining whether a conspiracy existed and whether the defendant was a member of it.

**Instruction No.** 20

**CONSPIRACY - UNANIMITY OF THEORY**

Your verdict must be unanimous. Count 1 of the Indictment alleges that certain overt acts were committed for the purpose of carrying out the conspiracy.

The government does not have to prove all of these different acts for you to return a guilty verdict against a defendant on Count 1.

But in order to return a guilty verdict on Count 1, all twelve of you must agree that at least one of these alleged acts was committed.

**MAILING THREATENING COMMUNICATIONS –
COUNTS 2, 3 AND 8**

The defendants are charged in Counts 2, 3 and 8 of the Indictment with a violation of Section 876(d) of Title 18 of the United States Code.

This law makes it a crime to use the mails to transmit an extortionate communication.

To find a defendant guilty of this crime as charged in Counts 2, 3 and 8, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly caused to be deposited in the mail, for delivery by the Postal Service, a communication containing a threat, as charged;

*Second*: the nature of the threat was to injure the property or reputation of any person;

*Third*: the defendant made the threat with the intent to extort something of value; and

*Fourth*: the communication was addressed to an employee of the United States or of a federal agency on account of the employee's performance of his official duties.

To "extort" means to wrongfully induce someone else to pay money, or to provide a thing of value, by threatening an injury if such payment is not made or such thing is not provided.

The term "thing of value" is used in the everyday, ordinary meaning and is not limited to money or tangible things with an identifiable price tag.

**Instruction No.** _22_

**THREAT – DEFINED**

You have been instructed that, for a defendant to be found guilty of the conspiracy offense charged in Count 1, the government must prove that the defendant agreed with others to prevent, though intimidation or threat, a federal official from performing the duties of his office. Also, for a defendant to be found guilty of the offense of mailing a threatening communication, as charged in Counts 2, 3 and 8, the government must prove that a defendant knowingly caused to be mailed a communication containing a threat.

A "threat," as used in my instructions concerning these alleged offenses, is a serious statement expressing an intention to injure the property or reputation of any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. This is an objective test, whether an ordinary reasonable recipient who is familiar with the context of the statement would interpret it as a threat; in making this determination, you may

consider evidence of the reaction of the recipient of the alleged threat.

Instruction No. _23_

## FALSE CLAIMS AGAINST THE GOVERNMENT
## COUNTS 5 AND 6

Defendants Russell Landers and Clayton Albers are charged in Counts 5 and 6 of the Indictment with a violation of Section 287 of Title 18 of the United States Code.

This law makes it a crime to knowingly make a false claim against any department or agency of the United States. The Federal Bureau of Prisons is an agency of the United States within the meaning of that law.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly made and caused to be presented to the Federal Bureau of Prisons a false claim against the United States;

*Second*: the defendant knew that the claim was false.

A "claim against the United States" is a demand for money or

property to which a right is asserted against the government based on the government's alleged liability to the person making the claim.

A claim is "false" if it is untrue at the time it is made and known to be untrue by the person making it. It is not necessary to show that the government agency was in fact deceived or misled by the claim.

To make a claim, it is sufficient if the defendant submits the claim to an employee knowing that the employee will submit the claim or seek payment from the United States or a department or agency thereof.

Instruction No. _24_

## INTENT

You are instructed that an intent to commit the crimes set forth in the Indictment is an essential element of each of the offenses with which the defendants are charged, and the burden is upon the government to establish such intent to your satisfaction beyond a reasonable doubt.

In this connection, you are instructed that the intent with which an act is done or omitted is a mental state of the mind of the accused. Direct and positive proof of intent is not necessary but the same may be proved by circumstantial evidence. If you find that an act was done, the intent with which it was done is to be determined by you from all the facts and circumstances as shown by the evidence presented in the case.

**Instruction No.** _25_

**KNOWINGLY**

An act is done "knowingly" if it is done voluntarily and intentionally, and not because of accident or mistake. The purpose of requiring the government to establish that an act was done knowingly is to ensure that no one will be convicted for an act done because of mistake or accident or other innocent reason.

**Instruction No.** <u>26</u>

**CLOSING ARGUMENTS**

Counsel will now be allowed to make closing arguments. You are reminded that what the lawyers say is not evidence, but is intended to assist you in recalling the evidence and to suggest inferences you may wish to draw, but you are not bound by what the lawyers say in closing argument. It is your recollection of the evidence and the inferences you choose to draw that control.

Because the government has the burden of proof, the government will go first, then the defendants will make closing arguments, and then the government will complete the arguments by presenting a rebuttal argument.

# Instruction No. 27

## DUTY TO DELIBERATE—VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read and a copy of the Indictment. You will see that two persons charged in the Indictment were not present during this trial. You are not to concern yourself with why all of the persons charged were not on trial in this case. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to

follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the courtroom to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

The bailiff will come forward and be sworn.

Members of the jury, please follow the bailiff to the deliberation room where you will commence your deliberations. The alternate juror will remain in the courtroom. All persons in the courtroom please remain seated until the jury has retired.