FILED
United States Court of Appeals
Tenth Circuit

December 1, 2008

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BARRY DEAN BISCHOF,<br><br>Defendant - Appellant. | No. 08-6195<br>(D.C. No. 5:07-CR-00154-D-4)<br>(W.D. Okla.) |

## ORDER

Before **KELLY**, **BRISCOE** and **O'BRIEN**, Circuit Judges.

This matter is before the court on the government's Motion to Dismiss and the Response filed by the defendant. Upon consideration thereof, the government's motion is granted.

The defendant filed his notice of appeal almost five months after entry of judgment. In a criminal appeal, the defendant's notice of appeal is to be filed within 10 days of entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). This rule is an "inflexible claim-processing rule[], which unlike a jurisdictional rule, may be forfeited if not properly raised by the government." *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007) (internal quotation omitted).

We determine that the government properly raised the issue in its motion to



dismiss. "Because the government timely objected to [the defendant's] late notice of appeal, this court is bound to dismiss the appeal." *Id.* at 1292.

The defendant contends that although he asked counsel to file an appeal, he did not do so. He also states that he was not aware that his attorney had been terminated from his case. This court may not grant an extension of time in which to appeal. *See* Fed. R. App. P. 26(b)(1). The appropriate vehicle to raise this issue is in a timely filed 28 U.S.C. § 2255 motion. *See United States v. Snitz*, 342 F.3d 1154 (10th Cir. 2003) (claim that counsel failed to file a timely direct appeal although requested to do so by defendant raised in a § 2255 motion).

**APPEAL DISMISSED.**

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

Ellen Rich Reiter
Deputy Clerk/Jurisdictional Attorney