DOE, JOHN HENRY©
P.O. Box 9999, Los Angeles, CA 90011

Non-Negotiable

March 14, 2002

U.S.P.O. Registered Mail Article No. RR111222333US

In care of:
    Post Office Box 9999
    Los Angeles 90010
    California Republic
    John Henry Doe©

LAWRENCE D. MITCHELL
MITCHELL & GREENE, L.L.P.
9500 Wilshire Boulevard
Beverly Hills, CA 90212

### NOTICE BY WRITTEN COMMUNICATION / SECURITY AGREEMENT

This Notice by Written Communication/Security Agreement, hereinafter "Notice by Written Communication," is sent for the purpose of clearing up a misunderstanding on the part of John Henry Doe©, hereinafter Secured Party. Considering the seriousness of this matter Secured Party has determined that it is vital that all communication by and between Secured Party and LAWRENCE D. MITCHELL be in written form so that a proper record is maintained for Secured Party's remedy should such need ever arise. In event LAWRENCE D. MITCHELL determines that legal advice is necessary, LAWRENCE D. MITCHELL may hire a professional qualified in providing such advice. LAWRENCE D. MITCHELL may correspond with Secured Party only by designating addressee on any envelope, package, and the like, intended for Secured Party as "Secured Party." LAWRENCE D. MITCHELL'S use of any other addressee designation on any correspondence intended for Secured Party is not authorized and accelerates LAWRENCE D. MITCHELL'S acceptance of the obligation of the herein-below-described consensual contract effective the date any such unauthorized correspondence is sent Secured Party by LAWRENCE D. MITCHELL and in accordance with other terms set forth herein below under "Acceleration of Acceptance of Obligation of Consensual Contract."

It is Secured Party's understanding that LAWRENCE D. MITCHELL does not hold a perfected security interest in any property of JOHN HENRY DOE©, also known by any and all derivatives and variations in the spelling of said name used with the intent of referencing JOHN HENRY DOE©, and likewise in any secured collateral of Secured Party. In event LAWRENCE D. MITCHELL claims a perfected security interest in any property of JOHN HENRY DOE©, i.e. in any secured collateral of Secured Party, LAWRENCE D. MITCHELL must provide Secured Party with proof of superiority of any such perfected security interest of LAWRENCE D. MITCHELL'S over that of Secured Party's within seventy-two (72) hours of midnight the day following LAWRENCE D. MITCHELL'S receipt of this Notice by Written Communication.

Secured Party is not now, nor has Secured Party ever been a surety, nor an accommodation party, for JOHN HENRY DOE©, nor for any derivative of, nor for any variation in the spelling of, JOHN HENRY DOE©, nor for any other juristic person, and is so indemnified and held harmless by JOHN HENRY DOE© in Hold-harmless and Indemnity Agreement No. JHD-030473-HHIA dated the Fourth Day of the Third Month in the Year of Our Lord One Thousand Nine Hundred Seventy-three against any and all claims, legal actions, orders, warrants, judgments, demands, liabilities, losses, depositions, summonses, lawsuits, costs, fines, liens, levies, penalties, damages, interests, and expenses whatsoever, both absolute and contingent, as are due and as might become due, now existing and as might hereafter arise, and as might be suffered by, imposed on, and incurred by JOHN HENRY DOE© for any and every reason, purpose, and cause whatsoever.

### Unauthorized Use Strictly Prohibited

All rights reserved re common-law copyright of trade-name/trademark JOHN HENRY DOE©—as well as any and all derivatives and variations in the spelling of said trade-name/trademark, not excluding "John Henry Doe"—Common Law Copyright © 1973 by John Henry Doe©. Said trade-name/trademark, JOHN HENRY DOE©, may neither be displayed, nor used, nor reproduced in whole, nor in part, nor in any manner whatsoever, without the prior, express, written consent and acknowledgment of Secured Party as signified by Secured Party's signature in red ink.

This Notice by Written Communication provides LAWRENCE D. MITCHELL with notice that "JOHN HENRY DOE," is a common-law trade-name/trademark and common-law copyright of John Henry Doe©, i.e. Secured Party, that any unauthorized use of JOHN HENRY DOE© by LAWRENCE D. MITCHELL constitutes counterfeiting and common-law trade-name/trademark copyright infringement, that Secured Party neither grants, nor implies, nor otherwise gives consent for any unauthorized use of JOHN HENRY DOE©, and that any and all such unauthorized use is strictly prohibited.

## Acceleration of Acceptance of Obligation of Consensual Contract

With the intent of being contractually bound, any juristic person, including, but not limited by LAWRENCE D. MITCHELL and MITCHELL & GREENE, L.L.P., consents and agrees by this Notice by Written Communication that said juristic person shall neither display, nor reproduce, nor otherwise use in any manner, the common-law trade-name/trademark JOHN HENRY DOE©, nor the common-law copyright associated therewith, nor any derivative of, nor any variation in the spelling of, JOHN HENRY DOE©, not excluding "John Henry Doe," without the prior, express, written consent and acknowledgment of Secured Party as signified by Secured Party's signature in red ink, and that any such additional instance of unauthorized use of Secured Party's common-law-copyrighted trade-name/trademark by LAWRENCE D. MITCHELL following LAWRENCE D. MITCHELL'S receipt of this Notice by Written Communication accelerates LAWRENCE D. MITCHELL'S acceptance of the obligation of the herein-described consensual contract, as well as the unconditional promise of payment in full of said obligation, effective the date of the first instance of additional unauthorized use following LAWRENCE D. MITCHELL'S receipt of this Notice by Written Communication, in strict accordance with terms set forth below in paragraphs "(1)" through "(9)" under "Self-executing Security Agreement," wherein LAWRENCE D. MITCHELL is "User."

## Procedure for Opting Out of Consensual Contract

LAWRENCE D. MITCHELL'S unauthorized use, i.e. counterfeiting, of Secured Party's common-law trade-name/trademark and copyright, consensually contractually binds LAWRENCE D. MITCHELL with Secured Party, as of LAWRENCE D. MITCHELL'S initial unauthorized use of Secured Party's common-law trade-name/trademark and copyright, in respect of fair compensation due Secured Party for use of Secured Party's private property. LAWRENCE D. MITCHELL can opt out and withdraw from LAWRENCE D. MITCHELL'S consensual contract with Secured Party and retain no obligation associated therewith only by immediate cessation of any and all further unauthorized use of Secured Party's common-law-copyrighted property.

## Self-Executing Security Agreement

By the act of any single instance of unauthorized use of Secured Party's common-law-copyrighted property by LAWRENCE D. MITCHELL following LAWRENCE D. MITCHELL'S receipt of this Notice by Written Communication, LAWRENCE D. MITCHELL, hereinafter "User" only in this "Self-executing Security Agreement"-section, accepts the obligation of this consensual contract, this Notice by Written Communication concomitantly becomes a security agreement, hereinafter "Security Agreement," wherein User is Debtor and John Henry Doe © is Secured Party, and User:"

(1) Grants Secured Party a security interest in all of User's property and interest in property in the sum certain amount of $500,000.00 per each occurrence of use of common-law-copyrighted trade-name/trademark JOHN HENRY DOE©, as well as for each and every use of any and all derivatives of, and variations in the spelling of, JOHN HENRY DOE©, not excluding "John Henry Doe," plus all reasonable costs associated with enforcing said security interest and collecting the indebtedness, plus triple damages, i.e. plus total damages calculated in United States Dollars and multiplied by a factor of 3 (i.e. Damages in United States Dollars X 3);

(2) Authenticates this Security Agreement wherein User is Debtor and John Henry Doe© is Secured Party, and wherein User pledges all of User's property, i.e. all: motor vehicles; aircraft; vessels; ships; trademarks; copyrights; patents; consumer goods; firearms; farm products; inventory; equipment; money; investment property; commercial tort claims; letters of credit; letter-of-credit rights; chattel paper; electronic chattel paper; tangible chattel paper; certificated securities; uncertificated securities; promissory notes; payment intangibles; software; health-care-insurance receivables; instruments; deposit accounts; accounts; documents; livestock; real estate and real property—including all buildings, structures, fixtures, and appurtenances situated thereon, as well as affixed thereto—fixtures; manufactured homes; timber; crops; and as-extracted collateral, i.e. all oil, gas, and other minerals, as well as any and all accounts arising from the sale of these substances, both at wellhead and minehead; accessions, increases, and additions, replacements of, and substitutions for, any of the property described hereinabove in this paragraph; products, produce, and proceeds of any of the property described hereinabove in this paragraph; accounts, general intangibles, instruments, monies, payments, and contract rights, and all other rights, arising out of sale, lease, and other disposition of any of the property described hereinabove in this paragraph; proceeds, including insurance, bond, general intangibles, and accounts proceeds, from the sale, destruction, loss, and other disposition of any of the property described hereinabove in this paragraph; records and data involving any of the property described hereinabove in this paragraph, such as in the form of a writing, photograph, microfilm, microfiche, tape, electronic media, and the like, together with all of User's right, title, and interest in all computer software and hardware required for utilizing, creating, maintaining, and processing any such records and data in any electronic media, and all of User's interest in all such foregoing property in this paragraph, now owned and hereafter acquired, now existing and hereafter arising, and wherever located, as collateral for securing User's contractual obligation in favor of Secured Party for User's unauthorized use of Secured Party's common-law-copyrighted property;

(3) Consents and agrees with Secured Party's filing of a UCC Financing Statement in the UCC filing office, as well as in any county recorder's office, wherein User is Debtor and John Henry Doe© is Secured Party;

(4) Consents and agrees that said UCC Financing Statement described above in paragraph "(3)" is a continuing financing statement, and further consents and agrees with Secured Party's filing of any continuation statement necessary for maintaining Secured Party's perfected security interest in all of User's property and interest in property pledged as collateral in Security Agreement described above in paragraph "(2)," until User's contractual obligation theretofore incurred has been fully satisfied;

(5) Consents and agrees with Secured Party's filing of any and all UCC Financing Statements, as described hereinabove in paragraphs "(3)" and "(4)," and the filing of any Security Agreement, as described hereinabove in paragraph "(2)," in the UCC filing office, as well as in any county recorder's office;

(6) Consents and agrees that any and all such filings described in paragraphs "(4)" and "(5)" above are not, and may not be considered, bogus, and that User will not claim that any such filing is bogus;

(7) Waives all defenses;

(8) Appoints Secured Party as Authorized Representative for User, effective upon User's default re User's contractual obligations in favor of Secured Party as set forth below under "Payment Terms" and "Default Terms," granting Secured Party full authority and power for engaging in any and all actions on behalf of User including, but not limited by authentication of a record on behalf of User, as Secured Party, in Secured Party's sole discretion, deems appropriate, and, as regards any deposit account of any kind maintained with any bank in/under the name of User, and likewise any deposit account maintained with any bank in/under the Social Security Account Number of User, notwithstanding the absence of User's name as account-holder on any such deposit account maintained with any bank in/under the Social Security Account Number of User, grants Secured Party full authority and power for originating instructions for said deposit-account bank and directing the disposition of funds in said deposit account by acting as signatory on said deposit account without further consent of User and without liability, and User further consents and agrees that this appointment of Secured Party as Authorized Representative for User, effective upon User's default, is irrevocable and coupled with a security interest;

(9) Consents and agrees with all of the following additional terms of this Self-executing Security Agreement:

   (a) Payment Terms: In accordance with fees for unauthorized use of JOHN HENRY DOE© as set forth above, User hereby consents and agrees that User shall pay Secured Party all unauthorized-use fees in full within ten (10) days of date Secured Party's invoice, hereinafter "Invoice," itemizing said fees, is sent User.

   (b) Default Terms: In event of non-payment in full of all unauthorized-use fees by User within ten (10) days of date Invoice is sent, User shall be deemed in default and:

      (i) All of User's property and interest in property pledged as collateral by User, as set forth in above in paragraph "(2)," immediately becomes, i.e. is, property of Secured Party;

      (ii) Secured Party is appointed User's Authorized Representative as set forth above in paragraph "(8)"; and

      (iii) User consents and agrees that Secured Party may take possession of, as well as otherwise dispose of in any manner that Secured Party, in Secured Party's sole discretion, deems appropriate, including, but not limited by, sale at auction, at any time following User's default, and without further notice, any and all of User's former property and interest in property formerly pledged as collateral by User, as described above in paragraph "(2)," now property of Secured Party, in respect of this "Self-executing Security Agreement," that Secured Party, again in Secured Party's sole discretion, deems appropriate.

   (c) Terms for Curing Default: Upon event of default, as set forth above under "Default Terms," User can cure User's default and avoid strict foreclosure re any remainder of User's former property and interest in property that is neither in the possession of Secured Party, nor otherwise disposed of by Secured Party, only within twenty (20) days of User's default and only by payment in full of the balance of the sum certain amount owed by User, as noticed User in Invoice, that is not already paid by Secured Party's possession, sale, liquidation, and the like of User's former property and interest in property pledged as collateral for securing User's obligation.

   (d) Terms of Strict Foreclosure: User's non-payment in full of all unauthorized-use fees itemized in Invoice within said twenty- (20) day period for curing default as set forth above under "Terms for Curing Default" authorizes Secured Party's immediate non-judicial strict foreclosure on any and all remaining property and interest in property formerly pledged as collateral by User, now property of Secured Party, which is not in the possession of, nor otherwise disposed of by, Secured Party upon expiration of said twenty- (20) day default-curing period.

Ownership subject to common-law copyright and UCC Financing Statement and security agreement filed with the UCC filing office. Record Owner: John Henry Doe©, Autograph Common Law Copyright © 1973 by John Henry Doe©.

### Words Defined – Glossary of Terms

As used in this Notice by Written Communication, the following words and terms are as defined in this section, *non obstante*:

**All.** In this Notice by Written Communication the word "all" means everything one has: the whole number; totality, including both all and sundry; everyone; without restriction.

**Appellation.** In this Notice by Written Communication the term "appellation" means: A general term that introduces and specifies a particular term which may be used in addressing, greeting, calling out for, and making appeals of a particular living, breathing, flesh-and-blood man.

**Authorized Representative.** In this Notice by Written Communication the term "Authorized Representative" means the Secured Party, John Henry Doe©, authorized by Debtor, upon Debtor's default, for signing Debtor's signature, without liability and without recourse.

**Collateral.** In this Notice by Written Communication the term "Collateral" means any and all property of Debtor identified above in paragraph "(2)."

**Debtor.** In this Notice by Written Communication the term "Debtor" means LAWRENCE D. MITCHELL, effective upon execution of Security Agreement as set forth above under "Self-executing Security Agreement."

**Default.** In this Notice by Written Communication the term "default" means Debtor's non-performance of a duty arising under this Notice by Written Communication as set forth above under paragraph "(9)(b)," "Default Terms."

**Derivative.** In this Notice by Written Communication the word "derivative" means coming from another; taken from something preceding; secondary; that which has not the origin in itself, but obtains existence from something foregoing and of a more primal and fundamental nature; anything derived from another.

**Hold-harmless and Indemnity Agreement.** In this Notice by Written Communication the term "Hold-harmless and Indemnity Agreement" means the written, express, Hold-harmless and Indemnity Agreement No. JHD-030473-HHIA dated the Fourth Day of the Third Month in the Year of Our Lord One Thousand Nine Hundred Seventy-three, between John Henry Doe© and JOHN HENRY DOE, together with all modifications of and substitutions for said Hold-harmless and Indemnity Agreement.

**John Henry Doe.** In this Notice by Written Communication the term "John Henry Doe" means the sentient, living being known by the distinctive appellation "John Henry Doe." All rights are reserved re use of John Henry Doe©, Autograph Common Law Copyright © 1973 by John Henry Doe©.

**JOHN HENRY DOE.** In this Notice by Written Communication the term "JOHN HENRY DOE" means JOHN HENRY DOE©, and any and all derivatives and variations in the spelling of said name except "John Henry Doe," Common Law Copyright © 1973 by John Henry Doe©. All Rights Reserved.

**Juristic person.** In this Notice by Written Communication the term "juristic person" means an abstract, legal entity *ens legis*, such as a corporation, created by construct of law and considered as possessing certain legal rights and duties of a human being; an imaginary entity, such as LAWRENCE D. MITCHELL, which, on the basis of legal reasoning, is legally treated as a human being for the purpose of conducting commercial activity for the benefit of a sentient, living being, such as John Henry Doe.

> "From the earliest times the law has enforced rights and exacted liabilities by utilizing a corporate concept – by recognizing, that is, juristic persons other than human beings. The theories by which this mode of legal operation has developed, has been justified, qualified, and defined are the subject matter of a very sizable library. The historic roots of a particular society, economic pressures, philosophic notions, all have had their share in the law's response to the ways of men in carrying on their affairs through what is now the familiar device of the corporation. ----- Attribution of legal rights and duties to a juristic person other than man is necessarily a metaphorical process. And none the worse for it. No doubt, "Metaphors in law are to be narrowly watched." Cardozo, J., in Berkey v. Third Avenue R. Co., 244 N.Y. 84, 94. "But all instruments of thought should be narrowly watched lest they be abused and fail in their service to reason." See U.S. v. SCOPHONY CORP. OF AMERICA, 333 U.S. 795; 68 S.Ct. 855; 1948 U.S."

**LAWRENCE D. MITCHELL.** In this Notice by Written Communication the term "LAWRENCE D. MITCHELL" means LAWRENCE D. MITCHELL, a juristic person.

DOE, JOHN HENRY©
P.O. Box 9999, Los Angeles, CA 9001

**Living, breathing, flesh-and-blood man.** In this Notice by Written Communication the term "living, breathing, flesh-and-blood man" means the Secured Party, John Henry Doe©, a sentient, living being, as distinguished from an artificial legal construct, *ens legis*, i.e. a juristic person, created by construct of law.

***Non obstante.*** In this Notice by Written Communication the term "*non obstante*" means: Words anciently used in public and private instruments with the intent of precluding, in advance, any interpretation other than certain declared objects, purposes.

**Secured Party.** In this Notice by Written Communication the term "Secured Party" means John Henry Doe©, a living, sentient being as distinguished from a juristic person created by construct of law.

**Security Agreement.** In this Notice by Written Communication the term "Security Agreement" means the self-executing Security Agreement as described above under "Self-executing Security Agreement," together with any and all attachments, exhibits, documents, endorsements, and schedules attached thereto.

**Sentient, living being.** In this Notice by Written Communication the term "sentient, living being" means the Secured Party, i.e. John Henry Doe©, a living, breathing, flesh-and-blood man, as distinguished from an abstract legal construct, such as an artificial entity, juristic person, corporation, partnership, association, and the like.

> "There, every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowmen without his consent." CRUDEN v. NEALE, 2 N.C. 338 (1796) 2 S.E. 70.

### Additional Provisions

Any unenforceable provision of this Notice by Written Communication is severed from this Notice by Written Communication, but every remaining provision continues in full force and effect and this Notice by Written Communication is deemed modified in a manner that renders this Notice by Written Communication effective and in full force and effect. In all cases Secured Party continues without liability and is held harmless.

Any prior communication, written document, and the like by and between Respondent and Secured Party containing any mistake of Secured Party is invalidated thereby and of no force and effect, and may not be relied upon by Respondent against Secured Party in this matter.

LAWRENCE D. MITCHELL consents and agrees that this Notice by Written Communication is a private, consensual contract and may not be impaired by any third party.

LAWRENCE D. MITCHELL consents and agrees in full with all terms, conditions, and provisions as stated above.

With the intent of entering this consensual contract both LAWRENCE D. MITCHELL as Debtor and John Henry Doe as Secured Party do herewith execute this Security Agreement.

Debtor: LAWRENCE D. MITCHELL

LAWRENCE D. MITCHELL
Debtor's Signature

Secured Party accepts Debtor's signature in accord with UCC §§ 1-201(39), 3-401.

Secured Party: John Henry Doe

*John Henry Doe©*
Secured Party's Signature

Autograph Common Law Copyright © 1973 by John Henry Doe©, EID # 1234-56789. All rights reserved. No part of this common-law copyright made be reproduced in any manner without prior, express, written permission from John Henry Doe© as signified by the signature of John Henry Doe© in red ink. Unauthorized use of "John Henry Doe" incurs same unauthorized-use fees as those associated with JOHN HENRY DOE©, as set forth above in Notice by Written Communication/Security Agreement.

This Notice by Written Communication/Security Agreement is non-negotiable, is sent LAWRENCE D. MITCHELL by United States Post Office Registered Mail, and constitutes notice of John Henry Doe's perfected security interest in all property of JOHN HENRY DOE©, secured collateral of John Henry Doe©.

Enclosures: Copy of written communication from LAWRENCE D. MITCHELL dated March 11, 2002
    Published Copyright Notice