IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-07-154-D |
| ) | (Case No. CIV-09-613-D) |
| BARRY DEAN BISCHOF, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant Barry Dean Bischof's *pro se* "Title 28 United States Code Section 2255 Motion to Vacate an Illegal Conviction and Its Sentence," filed June 8, 2009 [Doc. No. 270], and amended by a proper form of motion filed June 19, 2009 [Doc. No. 273]. In response, the government asserts that the Motion is time-barred under 28 U.S.C. § 2255(f)(1) and otherwise lacks merit. At the Court's direction, Mr. Bischof has responded to the government's request that the Motion be dismissed as untimely. Upon examination of the parties' submissions and the case record, the Court finds Defendant's § 2255 Motion should be dismissed.

Defendant and two co-defendants were tried and convicted by a jury of conspiring to impede a federal officer in violation of 18 U.S.C. § 372 and mailing threatening communications in violation of 18 U.S.C. § 876(d). Defendant was sentenced on March 28, 2008, to a 168-month term of imprisonment (consecutive terms of 60 months and 108 months), to be served consecutively to an undischarged prison sentence in Case No. CR-93-44-A. The written judgment was filed the same day but entered on the docket March 31, 2008. Because no appeal was taken, the judgment became

final ten business days later, on April 14, 2008, when the time to appeal expired.[1]  *See* Fed. R. App. P. 4(b); *see also United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.").  The one-year period for filing a motion under § 2255 began to run the next day, on April 15, 2008, and expired on April 15, 2009.  *See United States v. Penn*, 153 F. App'x 548, 550 n.1 (10th Cir. 2005) (explaining how to calculate the one-year limitations period of § 2255(f)).

As stated above, Defendant first filed a *pro se* § 2255 Motion on June 8, 2009.  Although the Motion raises numerous claims that are not cognizable in a § 2255 proceeding,[2] Defendant asserts a cognizable claim that he received ineffective assistance of counsel at trial and sentencing and with regard to a potential appeal.  Defendant alleges that he was denied a direct appeal due to his attorney's error and through no fault of his own.  This allegation was first raised in an attempted appeal initiated by Defendant's filing an untimely notice of appeal on September 10, 2008.  In the court of appeals' order dismissing the appeal, Defendant was advised:  "The appropriate vehicle to raise this issue is in a timely filed 28 U.S.C. § 2255 motion."  *See United States v. Bischof*, No. 08-6195,  Order at 2 (10th Cir. Dec. 1, 2008) (filed in the case record as Doc. No. 255).  Defendant disregarded this advice and filed a second notice of appeal "Nunc Pro Tunc" on May 4, 2009, which was likewise dismissed.  *See United States c. Bischof*, No. 09-6094 (10th Cir. June 2, 2009) (filed in the case record as Doc. No. 269).

---

[1]  "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."  Fed. R. App. P. 4(b)(6).

[2]  Defendant seeks a declaratory judgment regarding the validity of various legal theories he and his co-defendants have asserted, such as their interpretation of federal copyright laws.

In opposition to the government's request for dismissal of the § 2255 Motion as untimely, Defendant primarily argues the merits of his ineffective assistance claim. Regarding the timeliness issue, Defendant asserts only that he was subjected to numerous institutional transfers, during which he lacked access to legal materials and assistance, and that he acted promptly to contact the Court and request an appeal when he arrived at his assigned facility in September, 2008. He provides a copy of his "Inmate History" to support his position. *See* Def.'s Reply, Ex. 1 [Doc. No. 278].

Upon consideration of Defendant's arguments, the Court finds that he has failed to establish any proper basis for tolling the limitations period of § 2255(f). Defendant alleges no basis for statutory tolling. *See*, *e.g.*, 28 U.S.C. § 2255(f)(2). Nor do his allegations provide a basis for equitable tolling. *See*, *e.g.*, *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). The history of Defendant's institutional assignments shows only two transfers during the relevant one-year period. Following the first transfer, Defendant filed his ineffectual notice of appeal and was expressly informed by the court of appeals that he needed to file a § 2255 motion. Defendant's evidence indicates no further transfers after he received that advice. Instead, Defendant simply disregarded it. The record reflects no impediment to a timely filing, and no action by Defendant, during the four and one-half months that remained of the one-year period after the court of appeals advised Defendant of the need to make a <u>timely</u> § 2255 filing. Thus, the Court finds that Defendant has failed to provide a basis to excuse his untimely filing of the § 2255 Motion.[3] Therefore, the Motion is time-barred.

---

[3] The court of appeals noted in *Gabaldon* that actual or factual innocence may provide a ground for equitable tolling. *See id*. at 1124 n.2. Here, Defendant asserts a claim that he "is actually or factually innocent of any violation of 18 U.S.C. § 876(d)." *See* Motion [Doc. No. 270] at 1; *see also* Motion [Doc. No. 273] at 5. However, Defendant's arguments implicate legal, not factual, innocence.

IT IS THEREFORE ORDERED that Defendant's § 2255 Motion [Doc. No. 270] is DISMISSED.

IT IS SO ORDERED this 16th day of September, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE