IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-07-154-D |
| | ) | |
| BARRY DEAN BISHOF, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Emergency Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 309], which is supported by a combined brief, attached exhibits, and an authorized reply brief [Doc. No. 322].[1] The United States has filed a response [Doc. No. 320] opposing the requested relief. For reasons that follow, the Court finds that it has authority to consider Defendant's Motion and discretion to grant relief, but that granting Defendant's request for an order reducing his prison sentence to time served or releasing him to home confinement is not warranted.

**Factual and Procedural Background**

Defendant and two codefendants were convicted by a jury in November 2007 of conspiring to impede a federal officer in violation of 18 U.S.C. § 372 and mailing threatening communications in violation of 18 U.S.C. § 876(d).[2] The target of the

---

[1] Defendant has also filed a supplemental brief [Doc. No. 323], which was unauthorized and would ordinarily be disregarded. However, Defendant's supplement simply provides more recent information regarding COVID-19 cases at his place of confinement. This information is publicly available and can quickly change. The Court will consider updated information, as appropriate.

[2] Two other codefendants pleaded guilty to the conspiracy charge.

conspiracy was a warden of the Federal Correctional Institution in El Reno, Oklahoma, where most of the conspirators were serving prior federal sentences. Defendant was sentenced in this case in March 2008 to a 168-month term of imprisonment (consecutive terms of 60 months and 108 months), to be served consecutively to an undischarged prison sentence in Case No. CR-93-44-A.[3] Defendant unsuccessfully sought relief from his conviction and sentence in an untimely appeal, which was dismissed (*see United States v. Bischof*, No. 08-6195, Order (10th Cir. Dec. 1, 2008)), and by a motion under 28 U.S.C. § 2255, which was also dismissed as untimely. *See United States v. Bischof*, 389 F. App'x 864 (10th Cir. 2010).

Defendant is currently confined at a medium-security facility, FCI-Victorville, California. He has served less than half of his prison sentence in this case (approximately 69 months).[4] Defendant moves for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i), commonly known as compassionate release, based on his advanced age (73 years), multiple serious health problems, and the COVID-19 pandemic.[5]

Defendant first submitted a request for compassionate release to the warden of FCI-Victorville in July 2018 citing his age and medical conditions. The request was denied in

---

[3] Defendant was convicted in 1993 of multiple drug trafficking and firearms offenses, and received a total (concurrent) prison sentence of 300 months.

[4] The government states that Defendant discharged his prior sentence and began serving his sentence in this case on September 1, 2014.

[5] Defendant accurately summarizes his health conditions as follows: he has "Hepatitis C, heart disease, heart failure, COPD, and hypertension; he has a cancerous tumor . . . , suffered a heart attack, and survived triple bypass." *See* Def.'s Mot. at 2 (footnote omitted). He is ambulatory with assistance (a cane), but requires multiple medications and respiratory treatments. *Id*. & n.3.

March 2019.  Defendant does not state whether he pursued administrative relief from the Bureau of Prisons ("BOP") following the denial of that request.  However, Defendant again submitted a request for compassionate release on May 4, 2020, based on his age, medical conditions, and risk of severe illness from the new coronavirus.  Exactly 30 days later, Defendant filed the instant Motion on June 3, 2020.

## Standard of Decision

Congress has authorized courts to modify prison sentences only under limited circumstances.  *See* 18 U.S.C. § 3582(c); *see also United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).  One basis of authority is 18 U.S.C. § 3582(c)(1)(A), which provides that a court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Although Congress did not define the phrase "extraordinary and compelling reasons," it expressly authorized and directed the Sentencing Commission to do so.  *See* 28 U.S.C. § 994(t).  Accordingly, the Sentencing Commission has issued guidance in its Guidelines Manual regarding circumstances that may satisfy the statutory standard, as discussed *infra*.  *See* USSG § 1B1.13 cmt. n.1.

## Discussion

As a procedural matter, Section 3582(c)(1)(A) allows a district court to grant relief "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

3

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." This provision requires, at a minimum, that a defendant wait 30 days after making a request to the warden at his facility before filing a motion. There is no dispute in this case that Defendant has complied with the minimum requirement; the government submits evidence that establishes this fact. *See* Resp. Br. attach. 1 [Doc. No. 320-1].

The Court thus proceeds to address whether Defendant has established that "extraordinary and compelling reasons" exist and, if so, whether the requested relief from his prison sentence should be granted.

### A.   Extraordinary and Compelling Reasons

The parties agree that Defendant's circumstances satisfy the criteria for finding "extraordinary and compelling reasons" exist due to a combination of facts that include multiple serious medical conditions, advanced age, and vulnerability to severe illness from a coronavirus infection. *See* USSG § 1B1.13 cmt. n.1(A)(ii).[6] The Court concurs

---

[6] Application Note 1 to § 1B1.13 provides in pertinent part:

[E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant. —
   . . .
   (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,
   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

in the parties' assessment. Defendant is over 70 years old; medical records establish he is suffering from multiple serious medical conditions from which he is not expected to recover; and these conditions substantially diminish his ability to provide self-care in the institutional setting under current conditions, which include a significant number of COVID-19 cases at his facility.[7]

The Court therefore finds that Defendant has shown the existence of extraordinary and compelling circumstances that may warrant relief under § 3582(c)(1)(A).

### B.      Danger to the Community

Section 3582(c)(1)(A) contains a second qualification for obtaining relief, that is, a reduction of Defendant's prison sentence must be consistent with policy statements of the Sentencing Commission. Section 1B1.13 of the Sentencing Guidelines requires, as a condition of eligibility for compassionate release, that the Court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* USSG § 1B1.13(2).

The parties disagree on whether Defendant currently presents a danger to the community. Defendant argues that, although his offense in this case was serious, it did not involve weapons or violence and occurred more than 15 years ago, before the onset of his health problems. He also points out that BOP assesses his risk of recidivism as low, and has approved his release plan. The government's reasons for asserting that Defendant

---

[7] When the Court last checked the COVID-19 status of BOP's facilities at FCI-Victorville, Medium I had 153 confirmed inmate cases (58 active), and Medium II had 50 confirmed inmate cases (14 active). *See* https://www.bop.gov/coronavirus (accessed Aug. 6, 2020).

poses a danger to the community are admittedly "fairly stale;" they rest primarily on drug trafficking and firearms offenses committed "in the early 90's" and his "attitude to authority demonstrated during his crime and the proceedings that resulted in his current sentence." *See* Resp. Br. at 10-11. The government's argument is not persuasive and does not address Defendant's present condition. On the existing record, the Court finds that Defendant has shown he is not currently a danger to the safety of any other person or the community.

### C.  Application of § 3553(a) Factors

The primary disagreement between the parties as to whether Defendant deserves compassionate release arises from application of the § 3553(a) factors.[8]  A finding in Defendant's favor would result in a reduction of his prison sentence from 14 years to a time-served period of less than six years.[9]  Defendant contends this is a reasonable result in light of his current impairments, post-sentencing rehabilitation, and positive adjustment. The government argues that cutting Defendant's prison sentence in half is not warranted due to the nature and circumstances of his offense ("nothing short of threatening federal officials as part of a scheme challenging the federal government's legitimacy"), his

---

[8] Pertinent factors include:  (1) the nature and circumstances of Defendant's offenses and the history and characteristics of Defendant; (2) the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from future crimes of Defendant, and provide educational or vocational training or medical care; (3) the kinds of sentences available, (4) the sentencing ranges under the guidelines; (5) any pertinent policy statement of the Sentencing Commission; and (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct.  *See* 18 U.S.C. § 3553(a).

[9] Defendant's projected release date is August 6, 2026, due to good-time credits.

6

criminal history (involving "a large methamphetamine trade that relied on firearms"), and the goal of deterrence (minimizing behavior that was "essentially a rebellion against the legal system and prison staff"). *See* Resp. Br. at 9-10.

After careful consideration, the Court is not persuaded by Defendant's argument for leniency, which fails to address many of the pertinent § 3553(a) factors. Defendant largely ignores the nature and seriousness of his criminal conduct and, instead, asks the Court to reward his rehabilitative success. The Court commends Defendant for his hard work and positive achievements, which include educational courses and technical training in leatherwork. Defendant makes no mention, however, of the anti-government views that marked his criminal offense or his past anti-social behavior. Defendant was an active participant in a civil assault against federal officials that involved filing liens on their property in a scheme to extract a release from prison. Defendant then acted throughout this case in a manner designed to disrupt the proceedings, both by making *pro se* filings in the record and refusing to speak with his attorney or assist in his defense. At this point, Defendant has not served even the minimum prison sentence under the advisory guideline range of imprisonment of 108 to 135 months. *See* Presentence Report, ¶ 81.

In summary, weighing the § 3553(a) factors applicable to Defendant and his offenses leads the Court to conclude that a prison sentence longer than Defendant has served to date is necessary to reflect the seriousness of his crime, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct.

### D. Alternative Request for Home Confinement

As an alternative to reducing his custodial sentence, Defendant asks the Court to order that BOP allow him to serve the remainder of his sentence in home confinement. This request is unsupported by legal authority, and Defendant makes no response to the government's argument that the Court lacks authority to grant this request. *See* Resp. Br. at 13-15. The government's position is clearly correct.

BOP has exclusive authority to decide a request for placement in home confinement due to the COVID-19 pandemic. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020), permits BOP under certain circumstances to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." *See* CARES Act, § 12003(b)(2). The CARES Act thus grants BOP discretion to expand the use of home confinement during the COVID-19 pandemic, but it does not authorize federal courts to order home confinement. *See, e.g.*, *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020), *recons. overruled*, 2020 WL 2037053 (Apr. 28, 2020) (to be published); *United States v. Ward*, No. CR-13-42-R, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020).

The Court recognizes that it can make a placement recommendation. *See* 18 U.S.C. § 3621(b)(4)(B). The Court finds, however, that exercising that authority here would be imprudent. "BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (internal

8

quotation omitted). Pursuant to the CARES Act, the Attorney General has directed the BOP to consider all at-risk inmates, beginning with those at the facilities most affected by coronavirus transmission. *See* Mem. to Dir. Bureau of Prisons from Att'y Gen., p. 2 (Apr. 3, 2020), https://www.justice.gov/file/126661/download. Under the current unique circumstances of operating correctional facilities and allocating resources during a pandemic, the Court declines to interfere with BOP's task of making an orderly assessment of Defendant's need or appropriateness for placement in home confinement.

IT IS THEREFORE ORDERED that Defendant's Emergency Motion to Reduce or Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 309] is DENIED.

IT IS SO ORDERED this 10th day of August, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge