IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-07-154-D ) |
| BARRY DEAN BISCHOF, | ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's Motion for Reconsideration [Doc. No. 348]. Defendant, who appears *pro se*, seeks relief "in the interest of justice" from the Order of July 15, 2022, denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot. at 2. With the Motion, Defendant also presents an affidavit for consideration in connection with his request that the Court reweigh the sentencing considerations under 18 U.S.C. § 3553(a). *See* Aff. [Doc. No. 348-1]. Defendant contends his age and health conditions are such that not reducing his prison sentence to time served "is tantamount to cruel and unusual punishment." *See* Mot. at 2.

The court of appeals has held that "motions to reconsider in criminal cases are not grounded in a rule or statute" but fall within a district court's inherent authority. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). The court has specifically held that motions to reconsider decisions made under § 3582(c) are permitted, but such motions must be "filed within the time to appeal the order that is the subject of reconsideration," which is 14 days. *See United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022); *see*

*also United States v. Washington*, No. 22-7006, 2022 WL 3210354 (10th Cir. Aug. 9, 2022) (unpublished).  The court of appeals in *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014), endorsed the civil standard for use in criminal cases:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id*.  A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.  *Id*.

*Christy*, 739 F.3d at 539; *see also United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015).

First, it is unclear whether Defendant's Motion is timely.  It was received and filed by the Clerk on August 8, 2022, but it bears a certificate of service stating it was placed in the prison mailbox on July 28, 2022, which is less than 14 days after the July 15 Order.  Second, despite liberally construing the Motion, the Court finds that Defendant does not satisfy the standard of decision.  He presents evidence that was previously available, and simply asks the Court to revisit issues already decided.[1]  For the reasons stated in the July 15 Order, the Court declines to exercise is discretion under § 3582(c)(1)(A)(i) to grant Defendant compassionate release.

---

[1] Defendant's additional evidence is his own affidavit expressing regret for his crimes and his behavior during this case.  These statements are designed to overcome the Court's stated reasons for denying relief and lack credibility, particularly in view of Defendant's continued insistence in his Motion that his criminal conduct was merely "a civil violation" that does not warrant severe punishment.  *See* Mot. at 2.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration [Doc. No. 348] is **DENIED**.

**IT IS SO ORDERED** this 10th day of August, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge